180 So. 485

**CHAMPAGNE et al. v. KEEN et al.**

No. 34338.

April 4, 1938.

Walter G. Wedig and George E. Konrad, both of New Orleans, for appellants.

Terriberry, Young, Rault & Carroll, of New Orleans, for appellees.

ROGERS, Justice.

Plaintiffs are the widow and heirs of Louis J. Champagne, who died June 6, 1935. At the time of his death, Louis J. Champagne and John R. Keen were partners in the business of weighers and gaugers, operating under the firm name of R. H. Keen & Co. On October 15,

1935, John .R. Keen for the sum of $7,933.-76 cash purchased from the widow and heirs of Louis J. Champagne all his rights, title, share, and interest in the partnership of R. H. Keen & Co.; the purchaser thereby becoming the sole owner of the partnership assets as shown on a certain auditor's report dated June 18, 1935.

Defendant is John R. Keen, the surviving partner of R. H. Keen & Co., and the suit is for an accounting and a recovery of a share of the profits of the business operated by John R. Keen for a period of ninety days from June 6, 1935, the date of the death of Louis J. Champagne.

Defendant filed an exception of no right or cause of action, which was sustained by the judge of the district court. Plaintiffs have appealed from the judgment.

One of the clauses contained in the partnership agreement between John R. Keen and Louis J. Champagne reads as follows, viz.:

"This partnership shall begin on June 1, 1928 and endure for ten years, as aforesaid, reserving to any partner at the expiration of any twelve months period, but at least ninety days previous to any such expiration of giving notice of dissolution to the partner in writing for such time."

In the act of sale, dated October 15, 1935, wherein the widow and heirs of Louis J. Champagne sold and delivered to John R. Keen all the assets of the partnership of R. H. Keen & Co. the vendors reserved the right to claim any profits of the business for a period of ninety days commencing as of the date of the death of Louis J. Champagne, that is, June 6, 1935, and to institute suit to recover a share in the profits for a period of ninety days, such claim or suit to be based upon the hereinabove-quoted clause in the partnership agreement.

Plaintiffs' claim to a share of the alleged profits of the business of R. H. Keen & Co. for ninety days after June 6, 1935, can be sustained only on the theory that the partnership continued subsequent to the death of Louis J. Champagne.

A partnership is terminated by the death of one of the partners, unless an agreement is made to the contrary. Civ.Code, arts. 2876, 2880, 2882.

There is no stipulation in the partnership contract between Louis J. Champagne and John R. Keen providing for a continuance of the partnership between the heirs of a deceased partner and the surviving partner. Hence, there was no partnership after the death of Louis J. Champagne.

The partnership agreement, however, does contain a stipulation that the partnership is to endure for ten years, "reserving to any partner at the expiration of any twelve months period, but at least ninety days previous to such expiration of giving notice of dissolution to the other partner in writing for such time." Plaintiffs' right of action is founded on this stipulation, as to which reservation was made in the act of sale of October 15, 1935, wherein the widow and heirs of Louis J. Champagne sold to John R. Keen all the assets of the partnership, including

the right to operate under the partnership name of R. H. Keen & Co. That sale effected a full and complete settlement of all the rights and interests of the contracting parties in and to the property and business of R. H. Keen & Co., except as to the reservation relative to the dissolution of the partnership at the expiration of any twelve months' period on giving ninety days' previous notice in writing to the other partner. But that stipulation in the partnership contract relates exclusively to the method of dissolving the partnership during the lives of the partners. The stipulation was intended to apply, and could only apply, to the partnership during its existence, and not after its dissolution by the death of one of the partners. There is nothing that could have kept alive the partnership after the death of one of the partners, except an agreement to the contrary between the partners. As we have pointed out, there was no such stipulation in the partnership contract.

The reservation in the act of sale from the widow and heirs of Louis J. Champagne to John R. Keen, founded on the clause providing for the dissolution of the partnership during the lives of the partners, is meaningless. The reservation gives plaintiffs no greater rights to share in the profits of the dissolved partnership than they already possessed. But they possessed none, all such rights having been relinquished by plaintiffs when for a consideration of $7,933.76 cash they effected with John R. Keen, the surviving partner, a full and complete settle-

ment of all their rights and interests in and to the partnership of R. H. Keen & Co.

For the reasons assigned, the judgment appealed from is affirmed.

LAND, J., absent.